BROWN, Chief Judge.
| iPlaintiff, Daine Devillier, filed the instant action for damages arising out of the alleged negligent misrepresentation and professional negligence of his Tennessee insurance agent, Kim Broussard, and his insurance company, Farmers Insurance Exchange (“Farmers”). From the trial court’s judgment granting an exception of lack of personal jurisdiction filed by Ms. Broussard, and exceptions of forum non conveniens and nonjoinder filed by Farmers, we amend and, as amended, affirm.

Facts and Procedural Background

Daine Devillier works in the music industry and has homes in Nashville, Tennessee, and West Monroe, Louisiana. In his petition, Devillier claims Tennessee residency and domiciliary status. Devillier’s 1969 Chevrolet Chevelle SS 396 was stolen from his home in West Monroe on October 17, 2012. The car was insured under a policy issued by Farmers. Ms. Broussard, who is a resident of Nashville, is Devillier’s insurance agent. The agency *995 is located in Nashville. On October 24, 2012, proof of loss was presented to Farmers, together with proof of the vehicle’s value, stated to be $88,000. On December 7, 2012, Farmers informed Devillier that the policy provided comprehensive limits of $50,000. According to plaintiff, this was the first time he was aware of the alleged coverage limitation. Farmers paid Devillier $50,000 for his stolen car.
Thereafter, on May 21, 2013, plaintiff filed the instant action in the 4th JDC in Monroe, Louisiana, against Ms. Broussard and Farmers, seeking damages for negligent misrepresentation and professional negligence; damages for bad faith and penalties for failure to pay plaintiffs claim 12timely; damages arising out of the uninsured loss of his vehicle; financial hardship and emotional distress damages; and an award of attorney fees.
On September 11, 2013, Ms. Broussard filed an exception of lack of personal jurisdiction, urging that she is a resident and domiciliary of Tennessee and that “any and all information and representations occurred in the State of Tennessee, ... any actions or inactions by the agent did not occur in the State of Louisiana ... any and all advice and any and all duties arose and occurred in the State of Tennessee.” On September 23, 2013, Farmers filed exceptions of improper venue and nonjoin-der, asserting that the 4th JDC is an improper venue under La. C.C.P. art. 123, and that Ms. Broussard, a party needed for proper adjudication, cannot be joined due to the court’s lack of jurisdiction over her.
A hearing on the exceptions was held on February 18, 2014, and on March 10, 2014, judgment granting the exceptions filed by defendants was rendered. It is from this judgment that plaintiff has appealed.

Discussion

An appellate court conducts a de novo review of a trial court’s legal ruling on an exception of lack of personal jurisdiction. Lewis v. Pine Belt Multipurpose Community Action Acquisition Agency, Inc., 48,827 (La.App.2d Cir.04/09/14), 138 So.3d 776, writ denied, 14-0965 (La.08/25/14), 147 So.3d 1119; Greenway Leasing, L.P. v. Star Buffet Management, Inc., 45,753 (La.App.2d Cir.01/26/11), 57 So.3d 397.
Louisiana’s long-arm statute, La. R.S. 13:3201, provides for personal jurisdiction over nonresidents on any basis consistent with the Louisiana Land United States Constitutions. Greenway Leasing, L.P., supra. Since the limits of La. R.S. 13:3201 and the limits of constitutional due process are coextensive, the only determination to be made is whether subjecting the nonresident defendant to suit in Louisiana would offend the Due Process Clause of the Fourteenth Amendment. Fox v. Board of Supervisors of Louisiana State University, 576 So.2d 978 (La.1991); Lewis, supra; Greenway Leasing, L.P., supra.
Due process requires that in order to subject a nonresident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126 (La.04/13/99), 731 So.2d 881, cert. denied, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999); Lewis, supra.
In applying the “minimum contacts” prong, the United States Supreme Court has differentiated between general and specific jurisdiction. Goodyear Dunlop Tires Operations, S.A. v. Brown, — U.S. —, 131 S.Ct. 2846, 180 L.Ed.2d 796 *996 (2011); Lewis, supra. General jurisdiction is exercised when a defendant’s contacts with the state are not related to the plaintiffs suit, whereas specific jurisdiction is exercised when the suit arises out of or is related to the defendant’s contacts with the forum state. Lewis, supra; Greenway Leasing, L.P., supra.
| When a forum seeks to exercise specific jurisdiction over an out-of-state defendant who has not consented to suit there, the defendant’s purposeful direction of its activities at a resident of that forum with litigation resulting from alleged injuries arising out of or related to those activities satisfies the requirement of meaningful minimum contacts, de Reyes v. Marine Mgmt. and Consulting, Ltd., 586 So.2d 103 (La.1991); Greenway Leasing, L.P., supra. An act committed outside the state that has consequences or effects in the state will suffice as a basis for jurisdiction in a suit arising from those effects if the consequences or effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant’s conduct. Lifecare Hospitals, Inc. v. B & W Quality Growers, Inc., 39,065 (La.App.2d Cir.10/27/04), 887 So.2d 624, writ denied, 04-2935 (La,02/04/05), 893 So.2d 872, citing Guidry v. United States Tobacco Co., Inc., 188 F.3d 619 (5th Cir.1999). However, when the cause of action does not arise out of the defendant’s purposeful contacts with the forum, due process requires that the defendant be engaged in continuous and systematic contact to support the exercise of general jurisdiction. Lewis, supra.
Our review of the record shows that Ms. Broussard did not have the minimum contacts with this state necessary to support the exercise of either general or specific jurisdiction. The foreseeability that is critical in the due process analysis of minimum contacts is whether the defendant’s intentional conduct and connection with the forum state are such that the defendant should reasonably anticipate being haled into court there. World-Wide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Northshore Regional Medical Center, L.L.C. v. Dill, 11-2271 (La.App. 1st Cir.06/08/12), 94 So.3d 155, writ denied, 12-1494 (La.10/08/12), 98 So.3d 862. At the time that Ms. Broussard, an insurance agent licensed to do business and residing in Tennessee, first issued the automobile insurance policy in question to Devillier, he was living in Nashville, Tennessee. The policy issued covered several vehicles licensed in Tennessee. In May 2012, at renewal, Ms. Broussard received an email conveying plaintiffs change of address information (from Nashville, TN to West Monroe, LA). Thereafter, an employee of Ms. Broussard’s sent an email to Devillier asking whether he was still a resident of Tennessee. Plaintiffs email response was that he was planning to be in Louisiana for the next six months, but that he was keeping his home in Nashville as well. It was with this understanding that Ms. Brous-sard and Farmers issued a renewal policy for plaintiffs 1969 Chevrolet Chevelle SS 396 and another vehicle which were garaged at the Louisiana address.
This case does not simply involve an insured’s move from one state to another; instead, plaintiff, who at the outset of his business relationship with Ms. Broussard was a Tennessee domiciliary and 'resident, later acquired a second home in another state but did not move from his principal residence in Tennessee. At no time did Devillier communicate to Ms. Broussard that he was leaving Tennessee to become a resident and domiciliary of Louisiana. We find that the email communications between plaintiff and Ms. Broussard (or her employee) on the issue of Devillier’s ^temporary relocation to Louisiana, with *997 out more, are not enough to confer personal jurisdiction over Ms. Broussard in this ease, which arises out of alleged acts and omissions committed by Ms. Broussard in Tennessee. In this respect, the instant case is different from Greenway Leasing, L.P., supra, wherein the plaintiffs sued a wholly-owned subsidiary and its parent company. This court found that minimum contacts existed over the parent company, which had made frequent visits to Louisiana and had begun the process of legally acquiring the subsidiary in bankruptcy proceedings. The- court in Greenway Leasing, L.P., supra, further found that the parent company purposefully transacted business with the plaintiffs in Louisiana and that the litigation arose from the parent company’s activities.
Ms. Broussard, although originally from Louisiana, has been a resident of Tennessee since July 2008. She is licensed to sell insurance in Tennessee. All of the actions she took in selling (and then renewing) the policy occurred in Tennessee. Ms. Brous-sard made certain that plaintiff was a resident of Tennessee when she sold him the Farmers policy. Although she learned that he had purchased a second home in Louisiana, she received assurances from Devillier himself that he was a Tennessee resident and domiciliary. The exchange of emails between her and Devillier regarding his temporary mailing address in Louisiana are too attenuated to serve as the basis for specific personal jurisdiction over her. A reading of these emails shows that Ms. Broussard’s office was simply ascertaining whether his change of address from Tennessee to Louisiana was “temporary,” an assurance that plaintiff made in one of the emails between the parties. |7Before filing this lawsuit, Devillier physically returned to his home in Tennessee and alleged in his petition that he was a resident and domiciliary of Tennessee.
Inasmuch as we have found the requisite minimum contacts between Ms. Broussard and this state to be lacking, we do not reach the second prong of the due process analysis for personal jurisdiction, which is whether the exercise of jurisdiction over the defendant is fair. See Lewis, supra.
Having found no error in the trial court’s ruling on Ms. Broussard’s exception of personal jurisdiction, we now address the trial court’s ruling on Farmers’ exceptions of improper venue and nonjoin-der. This ruling was based upon the court’s determination that Ms. Broussard, who was a necessary party, was not subject to suit in Louisiana and as such, the 4th J.D.C. was a forum non conveniens. In addition to the lack of personal jurisdiction over Ms. Broussard, the court considered that: the alleged acts and omissions of Ms. Broussard occurred in Tennessee; the information that was allegedly provided to plaintiff would, if it exists, be in Tennessee; and, both plaintiff and Ms. Broussard are domiciled in Tennessee. We do not find error in the trial court’s ruling on the exceptions filed by Farmers except to amend the trial court’s judgment to reflect that plaintiffs suit is dismissed without prejudice so that plaintiff can institute proceedings in Tennessee. See La. C.C.P. art. 123.

Conclusion

For the reasons set forth above, the judgment of the trial court'is
AMENDED, and as AMENDED, AFFIRMED.